UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARYL SHARP,

          Plaintiff,

v.                                   CASE NO. 8:23-cv-1409-JLB-SPF

TIMOTHY DOLAN,

          Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1) and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied and the Complaint dismissed with prejudice.

## I.    BACKGROUND

Plaintiff names as Defendant the Archbishop of the Archdiocese of New York and alleges "theft, massive theft by the archbishops listed and their financial statements attached" and purports to sue "under Title 18 Section 1091 which states: manipulation of teaching manual, in this case, the Bible, for the purpose of abuse, theft, or murder." (Doc. 1 at 1). Plaintiff appears to allege that Defendant may be "charged and convicted" with the approval of the United States Supreme Court and the Executive Branch (*Id.*).

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor.  28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A suit is frivolous when it is "without any merit in fact or law."  *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015)[1].  Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

## III.   ANALYSIS

Upon review of Plaintiff's filings, it appears he is financially eligible to proceed *in forma pauperis* (Docs. 1, 2).  The undersigned, nonetheless, recommends dismissal of Plaintiff's Complaint with prejudice.

Although this Court construes *pro se* filings liberally, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), Plaintiff's Complaint states no recognizable cause of action.  Plaintiff alleges violation of a federal criminal statute, 18 U.S.C. § 1091, which criminalizes the genocide of members of a religious group.  Plaintiff, however, lacks

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

standing to impose criminal liability upon Defendant. *See Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 295 (11th Cir. 2007) ("Williams has no standing to invoke § 1113 because it is a criminal statute . . . ."); *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (citation omitted); *see also Diamond v. Charles*, 476 U.S. 54, 65 (1986) (private citizens cannot compel enforcement of criminal law).

Plaintiff's Complaint also does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Far from the "short and plain statement of the claim showing that the pleader is entitled to relief" required by Rule 8, Plaintiff's two-sentence Complaint consists of conclusory, random, and disjointed ramblings (Doc. 1). It is unclear how Plaintiff's stream of consciousness accusations relate to Defendant: attached to Plaintiff's Complaint are what purport to be financial statements from various archdiocese across the country, photographs of Catholic Church figureheads printed from the internet, candid photos it appears Plaintiff took of people inside a church or conference room, and a trespass warning commanding Plaintiff to leave and never return to the Kingdom Hall of Jehovah's Witnesses in Pinellas Park (*see* Doc. 1-1).

In addition, the Court finds that the Complaint contains fantastical and/or delusional claims insufficient to withstand the Court's evaluation for frivolity dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (complaint may be dismissed as lacking a basis in fact if premised upon allegations that are fanciful, fantastic, and delusional); *Watson v. Broward Cty. Sheriff's Office*, 808 F. App'x 891, 893 (11th Cir. 2020) (same). This Court takes judicial notice that Plaintiff has filed

3

the same or similar actions against the Catholic hierarchy in this district as well as other district courts and that those actions – including a recent case before the undersigned – were also dismissed as frivolous. *See Sharp v. Dolan*, No. 8:22-cv-2914-MSS-SPF, 2023 WL 4208618 (M.D. Fla. Apr. 27, 2023) (recommending dismissal of Plaintiff's purported criminal action against Catholic church defendants as frivolous), *report and recommendation adopted*, 2023 WL 4208502 (M.D. Fla. June 2, 2023); *Sharp v. Dolan*, No. 8:23-cv-1351-SDM-JSS, (M.D. Fla. June 20, 2023) (citing *Sharp v. Dolan*, 8:22-cv-2914-MSS-SPF and noting "[t]wo weeks ago, a district judge dismissed with prejudice a similar assemblage of papers in which Sharp purported to present a claim against the Archbishop of New York. . . . A review of the record in this action and his litigation elsewhere confirms both the absence of a cognizable claim and the absence of good faith."); *Sharp v. Dolan*, No. 21-1295, 2022 WL 903895 (D. Del. Mar. 28, 2022) (dismissing complaint as frivolous and finding amendment would be futile); *Sharp v. Dolan*, 810 F. App'x 14 (D.C. Cir. 2020) (affirming dismissal of case because the allegations are frivolous); *Sharp v. Dolan*, No. 2:17-cv-341-FtM-99MRM, 2017 WL 3048969 (M.D. Fla. July 19, 2017) (dismissing Plaintiff's complaint, which was a duplicate of a complaint he filed in the District of Columbia, as frivolous); *see also Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that courts may consider "a litigant's history of bringing unmeritorious litigation" when determining if a complaint is frivolous and malicious).

After reviewing the Complaint and applicable law, this Court draws on its judicial experience and common sense and finds that the claim is frivolous.  Thus, the Court recommends that the Complaint be dismissed.

4

## IV.    CONCLUSION

The undersigned recommends that Plaintiff's Complaint (Doc. 1) be dismissed with prejudice.  While, ordinarily, a party should be given at least one opportunity to amend,[2] given Plaintiff's allegations and history of filing similar complaints, Plaintiff could not state a valid, nonfrivolous claim for relief that is plausible on its face if given the opportunity to amend.  An amendment of the complaint would prove futile.  *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."); *Gary v. U.S. Gov't*, 540 F. App'x 916, 917 (11th Cir. 2013)  (affirming dismissal of complaint without leave to amend where plaintiff alleged the President and national security agencies implanted microchips in her body, noting that "any amendment would have been futile, as none of [plaintiff's] allegations are credible or rational").  The Eleventh Circuit has consistently affirmed with-prejudice dismissal of frivolous complaints.  *See Nails v. Franklin*, 279 F. App'x 899, 901 (11th Cir. 2008) (affirming

---

[2] *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

dismissal with prejudice where the plaintiff had filed multiple suits that had been dismissed as frivolous); *Broner v. Wash. Mut. Bank, FA*, 258 F. App'x 254, 256–57 (11th Cir. 2007) ("[T]he district court did not abuse its discretion in finding her complaint frivolous and did not err in finding that it failed to state a claim. Accordingly, her complaint was properly dismissed with prejudice, pursuant to § 1915(e)(2).")

It is hereby

**RECOMMENDED**:

1.      Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied.

2.      Plaintiff's Complaint (Doc. 1) be *sua sponte* dismissed with prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on July 26, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.